**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL TAYLOR, | CIVIL ACTION NO. 06-5530 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| SUPREME COURT OF NJ, | |
| Defendant. | |

**THE MAGISTRATE JUDGE** attempting to communicate with the plaintiff, who is pro se, concerning his failure to engage in court-ordered discovery and failure to prosecute this action, but being unable to do so because (1) his telephone number — which he provided to the Court — has been disconnected, (2) he failed to appear for a court-ordered conference on October 15, 2009 ("October Conference"), and (3) the defendant's return-receipt letters, which were mailed to the plaintiff in an effort to obtain compliance with discovery, have been returned unclaimed (dkt. entry no. 24, Order to Show Cause ("OTSC") at 1); and it further appearing that the plaintiff has not been in contact with the chambers of the Magistrate Judge since July 2, 2009, when the Magistrate Judge conducted a telephone conference (see dkt. entry no. 22, 7-8-09 Order at 1 (noting conference was conducted)); and the Magistrate Judge thus ordering the plaintiff on December 14, 2009, to show cause by January 5, 2010, why the Court should not

dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to either prosecute the action or comply with an order (see OTSC at 2); and

**THE PLAINTIFF FAILING** to respond to the Magistrate Judge's Order to Show Cause or otherwise contact the Court, even though (1) one month has lapsed since the Order to Show Cause was issued, and (2) the deadline to respond lapsed two weeks ago; and it appearing that this constitutes an additional failure by the plaintiff to abide by an order; and it further appearing that (1) six months have lapsed since the plaintiff has been in contact with the Magistrate Judge, and (2) three months have lapsed since the plaintiff failed to appear at the October Conference; and

**IT APPEARING** that in determining whether to dismiss a complaint for a plaintiff's failure to either prosecute an action or comply with an order, a district court need not balance the factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), if the plaintiff's conduct makes adjudication of the action impossible, see Jones v. N.J. Bar Ass'n, 242 Fed.Appx. 793, 793-94 (3d Cir. 2007) (affirming order dismissing pro se complaint); Iseley v. Bitner, 216 Fed.Appx. 252, 255 (3d Cir. 2007) (dismissing appeal from order dismissing pro se complaint); and it appearing that the plaintiff's failure to prosecute this action, abide by at least two orders, or

otherwise contact the Court has made adjudication here impossible; and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b); and for good cause appearing, the Court will issue an appropriate order and judgment.[1]

                                         s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge

Dated:  January 15, 2010

---

[1]  If the plaintiff intended to prosecute the action, then he should properly and timely move for relief from the ensuing dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 60(b).